[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 08-13576
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

Agency No. A97-949-805

FERMIN ALFONSO DUQUE,
a.k.a. Oscar David Valencia Forero,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(February 13, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Fermin Alonso Duque ("Duque") petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its previous decision. The BIA had dismissed his appeal from a decision of the Immigration Judge ("IJ") denying Duque's asylum and withholding of removal claims. Duque presents two arguments. First, he contends that the BIA abused its discretion in denying his motion to reconsider. Second, he argues that the BIA erred in failing to reopen the proceedings or reconsider its decision <u>sua sponte</u>. We find Duque's first argument unavailing and lack jurisdiction to consider his second. Accordingly, we DENY the petition in part and DISMISS it in part.

## I. BACKGROUND

Duque, a native and citizen of Colombia, arrived in the United States on or about 16 February 2004. Administrative Record ("AR") at 223. The Immigration and Naturalization Service ("INS") served Duque with a Notice to Appear ("NTA"), charging that Duque was removable as an alien who sought to procure a visa by fraud or willful misrepresentation of a material fact pursuant to INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and as an alien who was not in possession of a valid entry document pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). <u>Id.</u> Duque appeared before the IJ and conceded the charges of removability. <u>Id.</u> at 64. He subsequently filed an application for asylum, withholding of removal, and relief under the United Nations Convention

2

Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Id. at 185-94.

At the asylum hearing, Duque testified that he last lived in Cali, Colombia, along with his wife, children, parents, and siblings. Id. at 78-80. In Colombia, Duque, his cousin, and his brother-in-law all worked for a community action board which assisted local youth. Id. at 80-83. Duque was a fiscal examiner for the organization. Id. at 82-83. In late August 2003, he received several threats from the National Liberation Army ("ELN").[1] Id. at 83. The ELN claimed that they were going to kill him and his family if he did not ally himself with the group and requested that he sell off his house and other property and give the proceeds to the ELN. Id. at 83-84, 88. The threats were communicated via letters, none of which Duque was able to produce. According to Duque, his cousin and brother-in-law both were murdered in Colombia, ostensibly at the hands of the ELN. Id. at 84-85, 87-88. As of the date of the asylum hearing, no other members of Duque's family had been harmed by the ELN because they moved to another location in Colombia away from the Cali community. Id. at 91.

On 7 April 2006, the IJ denied Duque's requests for asylum, withholding of removal, and CAT relief and ordered Duque removed to Colombia. Id. at 44. The

_____

[1] In Spanish, Ejército de Liberación Nacional.

IJ found that Duque was the victim of a crime rather than persecution on account of a protected ground, as the ELN appeared more interested in extorting money from him than in discouraging his efforts on behalf of local youth. Id. at 51. To that end, the IJ found that there was no linkage between his activities on behalf of the youth and the extortion attempt by the ELN. Id. The IJ also noted that (1) Duque's family remained in Colombia unharmed, albeit by moving to a different neighborhood; (2) other members of the community action board did not experience threats or harm; and (3) Duque did not attempt to relocate within Colombia prior to entering the United States. Id. at 51-52. The IJ ultimately concluded that Duque had not established a credible fear of persecution if returned to Colombia. Id. at 52-53.

On 28 April 2006, Duque appealed the IJ's decision to the BIA. Id. at 37-39. In his appeal, he contended that the IJ erred in finding that he did not belong to a protected group and in finding that he could relocate within Colombia. Id. at 38. Duque relied, in part, on the U.S. State Department's Colombia Country Report on Human Rights Practices for 2002 which reported that opposition paramilitary groups in Colombia were responsible for numerous political killings and disappearances. Id. at 28. Duque further argued that the IJ erred by (1) ignoring evidence of persecution on account of his socio-political beliefs and confusing it with common criminal activity; (2) denying the nexus between his plight and his

4

political opinion; and (3) assigning greater weight to the demand for money than to the murders of Duque's associates on the community action board and the clearly political nature of his activities. Id. at 29-30.

The BIA dismissed the appeal and agreed with the IJ's findings that Duque failed to meet his burden of proof for asylum, that Duque was the victim of criminal activity rather than persecution, and that the ELN was more interested in extorting money from Duque than in discouraging his socio-political activities. Id. at 13-14. The BIA also affirmed the IJ's finding that Duque could have reasonably avoided a threat of future persecution by relocating within Colombia, and that the reasonableness of his fear of persecution was reduced by the fact that his family remained unharmed in Colombia after his departure. Id. at 14. Moreover, the BIA affirmed the IJ's finding that Duque had not established past persecution or a well-founded fear of future persecution because he had not shown that ELN's extortion efforts were related to Duque's political activities. Id. Finally, the BIA noted that because Duque had not challenged the IJ's denial of his request for CAT relief, that issue would not be addressed on appeal. Id. at 13 n.1.

Duque then filed a motion to reconsider the denial of his appeal with the BIA. Id. at 8-11. He took issue with the BIA's determination that he could reasonably avoid a threat of future persecution by relocating within Colombia and reiterated his argument that he was a victim, not of extortion, but of persecution

5

based on his political activities. Id. at 2-3. On 30 May 2008, the BIA denied Duque's motion to reconsider. Id. at 2. The BIA found Duque's claim that ELN's request for money was a form of punishment for his political activities to be speculative and not supported by the evidence, and that the amount of money demanded did not bring Duque within the ambit of a protected ground. Id. Moreover, the BIA observed that Duque "largely attempts to reiterate arguments already made in connection with his appeal and already evaluated and rejected by [the BIA]." Id. Duque now appeals the BIA's determination to us.

## II. DISCUSSION

We review the denial of a motion to reconsider for abuse of discretion. See Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). However, a motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. See Calle, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)).

6

In this case, Duque's motion to reconsider effectively mirrors his argument on appeal to the BIA. He offers no new pertinent authority in support of his allegations of error and advances the same arguments already considered and duly rejected.[2] Accordingly, we conclude that the BIA did not abuse its discretion in denying the motion to reconsider.

To the extent that Duque argues that the BIA failed to reopen or reconsider the proceedings pursuant to its <u>sua</u> <u>sponte</u> authority, see 8 C.F.R. § 1003.2(a), his failure to raise this issue on appeal to the BIA precludes our review. <u>See</u> <u>Camacho-Salinas v. U.S. Att'y Gen.</u>, 460 F.3d 1343, 1346 n.1 (11th Cir. 2006) (per curiam) (observing that we lack jurisdiction to consider claims not exhausted before the BIA). In any event, we would lack jurisdiction to review the BIA's decision not to reopen a proceeding <u>sua</u> <u>sponte</u> because that decision is "committed to agency discretion by law." <u>Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1294 (11th Cir. 2008).

---

[2] In his motion to reconsider, Duque cites two cases from our circuit but misapplies their respective holdings. <u>See</u> <u>Arboleda v. U.S. Att'y Gen.</u>, 434 F.3d 1220, 1226 (11th Cir. 2006) (per curiam) (requiring BIA to conduct "reasonableness determination" when considering whether petitioner could relocate to Colombia); <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231-32 (11th Cir. 2005) (per curiam) (concluding that petitioner did not demonstrate a well-founded fear of future persecution on account of a protected ground). We also note that although Duque refers in his motion to reconsider to a portion of the U.S. State Department's Colombia Country Report on Human Rights Practices for 2002, the report itself is conspicuously absent from the record.

### III. CONCLUSION

Duque petitions for review of the BIA's order denying his motion to reconsider. We conclude that the BIA did not abuse its discretion in denying his motion to reconsider and we lack jurisdiction to consider whether the BIA erred in failing to reopen the proceedings or reconsider its decision <u>sua</u> <u>sponte</u>. Accordingly, we DENY the petition in part and DISMISS it in part.

PETITION DENIED, in part, and DISMISSED, in part.