**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a1008n.06**

**No. 12-4203**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **VITALIY SYNEDZHUK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **On Petition for Review** |
| **ERIC H. HOLDER, JR. , Attorney** | ) | **from the Board of** |
| **General of the United States,** | ) | **Immigration Appeals** |
| | ) | |
| **Respondent.** | ) | |

_____/

**BEFORE:**    **MERRITT and CLAY, Circuit Judges; and STAFFORD, District Judge.**[*]

**STAFFORD, District Judge.**

Vitaliy Synedzhuk, a native and citizen of Ukraine, petitions for review of a final order of

the Board of Immigration Appeals (the "Board") denying Synedzhuk's (1) motion to reconsider

the Board's denial of Synedzhuk's motion to reopen, (2) motion to reopen *sua sponte*, and (3)

request for administrative closure.  We deny the petition for review.

I.

Synedzhuk entered the United States on August 15, 1999, as a non-immigrant visitor with

authorization to remain in the United States until November 14, 1999.  His wife and two children

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the
Northern District of Florida, sitting by designation.

stayed behind in Ukraine. Synedzhuk has lived in the United States since he entered the country in 1999.

In 2004, having divorced his Ukrainian wife, Synedzhuk married a United States citizen, who thereafter filed an immigrant visa petition on Synedzhuk's behalf. In 2007, after his United States citizen wife failed to appear at the requisite interview regarding the immigrant visa petition, the Department of Homeland Security ("DHS") placed Synedzhuk in removal proceedings. Following a hearing, an immigration judge ("IJ") denied Synedzhuk's applications for withholding of removal and for protection under the Convention Against Torture and ordered him removed. Among other things, the IJ found that Synedzhuk was not credible.

Synedzhuk appealed the IJ's order to the Board. Finding no error in the IJ's decision, the Board dismissed Synedzhuk's appeal on January 19, 2012. Synedzhuk did not seek reconsideration of the Board's decision or petition for review in federal court. His removal proceedings were thus concluded and his removal order became final on January 19, 2012.

On October 27, 2011, while his appeal of the IJ's removal order was pending, Synedzhuk divorced his first United States citizen wife. Soon after, on December 10, 2011, Synedzhuk married his current United States citizen wife. In January 2012, Synedzhuk's new wife filed an immigrant visa petition, and Synedzhuk filed an application for an adjustment to permanent resident status.

On February 8, 2012, citing his recent marriage, Synedzhuk filed with the Board a timely motion to reopen removal proceedings. Attached to his motion were documents that purportedly established the bona fides of his marriage. DHS opposed the motion to reopen, arguing that Synedzhuk did not meet his burden of providing clear and convincing evidence that his marriage

was bona fide.  DHS also argued that discretionary reopening was not warranted in light of the IJ's earlier adverse credibility determination.  Synedzhuk filed a two-page reply to DHS's opposition.[1]

The Board denied Synedzhuk's motion to reopen.  Citing *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002) and *Matter of Lamus-Pava*, 25 I. & N. Dec. 61 (BIA 2009), the Board first explained that a motion to reopen may be granted in the exercise of discretion when an alien enters a marriage during immigration proceedings and while a marriage-based visa petition is pending, provided that, among other things, (1) "the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide;" and (2) "the government . . . does not oppose the motion."  *Velarde*, 23 I. & N. at 256; *see also Lamus-Pava*, 24 I. & N. at 64–65 (clarifying that an alien's motion to reopen may not be denied *solely* on the basis of the government's opposition).  The Board then summarized the evidence submitted by Synedzhuk in support of his motion to reopen before concluding, without elaboration, that Synedzhuk's motion did not satisfy the criteria set forth in *Matter of Velarde* "given the DHS's opposition."

Synedzhuk filed a timely motion to reconsider the denial of his motion to reopen.  Noting that the Board "did not find that the bona fides of [his] marriage were compelling enough to warrant a remand," Synedzhuk submitted voluminous additional proof for the Board to consider.  After the Board denied his motion for reconsideration, Synedzhuk filed the timely petition for review that is now before this Court.

---

[1] In his principal brief before this Court, Synedzhuk states that, with his reply, he submitted additional evidence regarding his marriage, but the record does not support that assertion.

## II.

"A motion to reconsider 'shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.' " *Yeremin v. Holder*, 707 F.3d 616, 626 (6th Cir. 2013) (quoting 8 C.F.R. § 1003.2(b)(1)). We review for abuse of discretion the Board's decision to deny a motion to reconsider the denial of a motion to reopen. *Id.* Indeed, because the Board has *broad* discretion to deny motions to reopen, *see* 8 C.F.R. § 1003.2(a) (providing that the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief"), a party seeking reconsideration of a denial of a motion to reopen bears a particularly heavy burden. *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).

The Board denied Synedzhuk's motion to reconsider because—according to the Board—the motion did not specify what, if any, error the Board committed in determining that the evidence originally submitted by Synedzhuk was insufficient to establish the bona fides of his marriage. The Board noted that Synedzhuk merely reiterated arguments that were previously raised by Synedzhuk and rejected by the Board. The Board did not consider the "new" bona fides evidence that Synedzhuk attached to his motion to reconsider.

Before this Court, Synedzhuk argues that the Board abused its discretion by refusing to consider the "new" evidence, evidence, he says, that "clarified the original evidence presented," amply satisfying his burden of proof regarding the bona fides of his marriage. Such argument is meritless, however, because the Board was neither required nor permitted to consider "new" evidence on a motion to reconsider. *See id.* at 453 (explaining that "*consideration of new evidence . . . is not allowed as part of a motion to reconsider*").

Indeed, when new evidence is submitted as part of a motion to reconsider, the Board construes the motion as a motion to reopen. *Id.* at 452. In this case, the Board construed Synedzhuk's motion as both a motion to reconsider and as a second motion to reopen. Treated as a second motion to reopen, the motion was denied by the Board because it was both untimely and number barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that a party may file only one motion to reopen, which must be filed no later than 90 days after the final administrative decision).[2] Synedzhuk does not contest this decision by the Board.

Treated as a motion to reconsider, the motion was denied because, in the Board's words, Synedzhuk failed to establish "any error in our previous determination that the evidence submitted by [Synedzhuk] was insufficient to establish the bona fides of his marriage." Before this Court, Synedzhuk does little more than baldly assert that the Board wrongly assessed the evidence. His bald assertions, however, are insufficient to establish that the Board abused its very broad discretion in concluding that Synedzhuk failed to support his first motion to reopen with *clear and convincing* evidence of a bona fide marriage.

To the extent Synedzhuk argues that the Board, on reconsideration, abused its discretion by failing to address the arguments raised in his reply to DHS's opposition to his first motion to reopen, his argument is unpersuasive. The Board explicitly noted in its order denying reconsideration that it had already considered and rejected the arguments raised in Synedzhuk's reply brief. Moreover, as Synedzhuk concedes, the Board is not required to address specifically each claim or each piece of evidence presented by a petitioner, s*ee Scorteanu v. INS*, 339 F.3d

---

[2] Filed on June 11, 2012, Synedzhuk's second motion to reopen was not filed within ninety (90) days of the Board's January 19, 2012, final order dismissing his appeal of the IJ's removal order.

407, 412 (6th Cir. 2003) (noting that the Board "need not list every possible positive and negative factor in its decision" and has "no duty to write an exegesis on every contention") (internal quotation marks omitted); nor is it required to reconsider arguments previously considered and rejected. *Duque v. United States Atty. Gen.*, 312 F. App'x 219, 222 (11th Cir. 2009) (finding no abuse of discretion where the Board denied a motion for reconsideration that advanced the same arguments already considered and rejected).

III.

In his motion to reconsider, Synedzhuk alternatively asked the Board to *sua sponte* reopen removal proceedings pursuant to 8 C.F.R. § 1003.2(a) (granting the Board discretion to reopen proceedings on its own at any time). The Board denied Synedzhuk's request for *sua sponte* reopening, and, under Sixth Circuit precedent, we are without jurisdiction to review the Board's discretionary decision in this regard. *Gor v. Holder*, 607 F.3d 180, 187–88 (6th Cir. 2010).

Also in his motion to reconsider, Synedzhuk alternatively asked the Board for administrative closure of his removal proceedings pending adjudication of his United States citizen wife's immigrant visa petition.[3] The Board denied Synedzhuk's request for administrative closure, and Synedzhuk here argues that such denial constituted an abuse of the Board's discretion. We reject Synedzhuk's argument, however, because he was not entitled to administrative closure given the already-closed status of his removal proceedings. *See Burciaga v. Mukasey*, 303 F. App'x 537, 537 (9th Cir. 2008) (noting that "administrative closure is not available after entry of a final order of removal").

---

[3] His wife's immigrant visa petition was ultimately granted during the course of the proceedings before this Court.

IV.

In conclusion, we find that the Board did not abuse its discretion in (1) denying Synedzhuk's motion to reconsider the denial of his motion to reopen, and (2) denying his request for administrative closure. We lack jurisdiction to consider whether the Board erred in failing to reopen Synedzhuk's removal proceedings *sua sponte*. Accordingly, we **DENY** the petition in part and **DISMISS** it in part.